AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No. **22 MR 38**
THE CELLULAR TELEPHONE ASSIGNED )
CALL NUMBER 505-629-2451. )
)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A (incorporated by reference).

located in the _____ District of ___New Mexico___ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B (incorporated by reference).

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute a controlled substance |

The application is based on these facts:
See the attached affidavit of FBI Special Agent Samuel Hartman, which is incorporated by reference and has been reviewed by AUSA Lou Mattei.

☑ Continued on the attached sheet.

☑ Delayed notice of __90__ days *(give exact ending date if more than 30 days:* __05/07/2022__ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Samuel Hartman, FBI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
__Telephonically sworn and electronically signed__ *(specify reliable electronic means)*.

Date: __January 7, 2022__

*Judge's signature*

City and state: __Albuquerque, New Mexico__  Honorable Jerry H. Ritter, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER 505-629-2451. | Case No. _____<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Samuel Hartman, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 505-629-2451, with an unknown subscriber, utilized by Mario Guizar-ANCHONDO (the Target Cell Phone), whose service provider is Verizon Wireless (Verizon), a wireless telephone service provider headquartered at 180 Washington Valley Road, Bedminster, New Jersey 07921. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the government is concurrently seeking a separate order that complies with the requirements of the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127.

3. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since April 2009. I am currently assigned to the Albuquerque Field Office to investigate violations of federal law, including Titles 18 and 21 of the U.S. Code. My experience as a

Special Agent includes but is not limited to: writing affidavits for and executing search and seizure warrants for cell phone location data (both historical and real-time), pen registers/trap and trace device, and reviewing the data returned from such searches for evidence. I have also spoken with other law enforcement officers with expertise and experience in this area.

4.  The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5.  Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 21 U.S.C. § 841(a)(1), that being Possession with Intent to Distribute a Controlled Substance, have been committed, are being committed, and will be committed by the user of the Target Cell Phone, Mario Guizar-ANCHONDO. There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations and will lead to the identification of individuals who are engaged in the commission of these offenses.

6.  The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

7.  The United States, including the FBI, is conducting a criminal investigation of Mario Guizar-ANCHONDO regarding violations of 21 U.S.C. § 841(a)(1), that being Possession with Intent to Distribute a Controlled Substance, among other crimes.

2

8.      In the course of this investigation, I and officers with the Santa Fe Police Department (SFPD) identified a Facebook account for Guizar-ANCHONDO, under the username "mario.guizar.908" and screenname "Stg Listo." Guizar-ANCHONDO has used this account to post numerous pictures and videos indicating he was selling illegal narcotics since approximately September 2021 and continuing through the present.

9.      Below is an example of a Facebook post made by Guizar-ANCHONDO on his "Stg Listo" account in approximately September 2021. The post is a photograph of Guizar-ANCHONDO, holding a cell phone, with the words "HMU HMU GOT SINGLES AND BULK TAPN," along with several emojis. Based on my training and experience, I know "HMU" is slang for "hit me up" and is commonly used by drug dealers to solicit customers to contact them in reference to illegal drugs for sale. I know that drug dealers typically use their cell phones to communicate with their customers and sources of supply. I also know that "singles" and "bulk" are commonly used slang for either user-level or bulk-quantity amounts of illegal drugs. Based on my training and experience, I also know the phrase "tap in" (abbreviated in this post as "TAPN") is commonly used by drug dealers to solicit drug customers to contact them regarding the purchase of illegal drugs. I also know that the emoji of the letter M in a blue circle is commonly used as shorthand for fentanyl pills due to the similarity in appearance to an actual fentanyl pill, which are commonly blue in color and imprinted with "M" on one side and "30" on the other. Therefore, based on my training and experience, I believe this post is an advertisement by Guizar-ANCHONDO soliciting customers for illegal fentanyl pills.



10.

11.     On December 29, 2021, Guizar-ANCHONDO posted the image below on his Facebook account, again using the screenname "Stg Listo." The post was observed by SFPD on the same date. The photograph appears to depict the interior of a car and is overlain with the words "TAPN NEW MEX . . . COME GET YOUR BAG UP . . . GRUB FOR EVERYONE," along with several emojis, including the same blue circle with the letter M described above. Again, I know the phrase "tap in" is commonly used by drug dealers to solicit drug customers to contact them regarding the purchase of illegal drugs. I also know the emoji of a blue circle around the letter "M" is commonly used as shorthand for fentanyl pills. This post also included

4

an emoji of an ice cube. Based on my training and experience, I know that "ice" is a common slang term for methamphetamine. Therefore, I believe the post below is consistent with Guizar-ANCHONDO advertising the sale of fentanyl pills and methamphetamine.



12.

13.     Based on my training and experience, I am aware that most social media posts, to include posts made on Facebook, are done with a cellular telephone. Therefore, I believe Guizar-ANCHONDO was most likely using a cellular telephone to post the two pictures above where he was advertising the sale of illegal drugs.

14.     On December 30, 2021, Guizar-ANCHONDO was driving a truck in Santa Fe, New Mexico, when SFPD pulled over the truck due to a lack of functioning taillights. There was a passenger in the front passenger seat. The truck was registered to a third party (*i.e.*, neither

5

Guizar-ANCHONDO nor the passenger.) Subsequent to the stop, SFPD impounded the vehicle and towed it. The FBI then secured and served a federal search warrant on this truck.

15. Upon execution of the search warrant, the FBI seized several items from the truck, including the following, all of which are consistent with Guizar-ANCHONDO being a drug trafficker:

   a. Approximately 1,730.7 gross grams of suspected methamphetamine. The methamphetamine was broken up into nine separate packages. One package, weighing 83.8 grams, field tested positive for methamphetamine. Based on my training and experience, this amount of methamphetamine is consistent with distribution, not personal use.

   b. Approximately 3,401.5 gross grams of blue pills with "M" and "30" imprinted on them. The pills were packaged into approximately 32 bags with about 1,000 pills in each. Based on my training and experience, the color and markings on these pills are consistent with the pills being fentanyl. Based on my training and experience, this quantity of fentanyl pills is consistent with distribution, not personal use.

   c. Five loaded guns

   d. Approximately $5,563 in U.S. currency

   e. Three cell phones

   f. Four glass pipes

   g. A digital scale

6

16. On January 5, 2022, at approximately 1:49 p.m., a caller using the Target Cell Phone left a voicemail with SFPD inquiring about the status of the truck that Guizar-ANCHONDO was driving on December 30, 2021. The caller did not leave a name with the message. However, when SFPD called the Target Cell Phone back a short time later, the person who answered the phone identified himself as "Mario." The SFPD officer who placed the call recognized Guizar-ANCHONDO's voice based on prior interactions with him, including during the December 30, 2021, traffic stop. Guizar-ANCHONDO asked the officer about retrieving some documents and personal items from the truck. I believe all of these facts are consistent with Guizar-ANCHONDO using the Target Cell Phone.

17. To date, law enforcement has been unable to obtain subscriber information for the Target Cell Phone. The service provider is Verizon, a wireless telephone service provider headquartered at 180 Washington Valley Road, Bedminster, New Jersey 07921.

18. Based on all of the evidence above, I believe Guizar-ANCHONDO is the current user of the Target Cell Phone. I also believe there is probable cause that the location information sought in this warrant will reveal additional evidence of Guizar-ANCHONDO's violations of 21 U.S.C. § 841(a)(1), that being Possession with Intent to Distribute a Controlled Substance, to include the locations of Guizar-ANCHONDO's criminal violations, the locations of possible stash houses or distribution sites used by Guizar-ANCHONDO, and the locations and identities of potential criminal associates.

**Information About Verizon**

19. In my training and experience, I have learned that Verizon is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information

about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

20. Based on my training and experience, I know that Verizon can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as Verizon typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

8

## AUTHORIZATION REQUEST

21. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

22. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 90 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

23. I further request that the Court direct Verizon to disclose to the government any information described in Attachment B that is within the possession, custody, or control of Verizon. I also request that the Court direct Verizon to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with Verizon's services, including by initiating a signal to determine the location of the Target Cell Phone on Verizon's network or with such other reference points as may be reasonably available, and at

such intervals and times directed by the government. The government shall reasonably compensate Verizon for reasonable expenses incurred in furnishing such facilities or assistance.

24. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

25. The affidavit has been reviewed and approved by AUSA Lou Mattei.

Respectfully submitted,

_____
Samuel Hartman
Special Agent
FBI

Electronically submitted and telephonically sworn
On January 7, 2022.

_____
Honorable Jerry H. Ritter
UNITED STATES MAGISTRATE JUDGE

10

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number 505-629-2451, with an unknown subscriber, utilized by Mario Guizar-ANCHONDO, whose wireless service provider is Verizon Wireless (Verizon), a company headquartered at 180 Washington Valley Road, Bedminster, New Jersey 07921.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of Verizon, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

### I. Information to be Disclosed by the Provider

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of Verizon, Verizon is required to disclose the Location Information to the government. In addition, Verizon must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Verizon's services, including by initiating a signal to determine the location of the Target Cell Phone on Verizon's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate Verizon for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to Be Seized by the Government

All information described above in Section I that constitutes evidence of violations of 21 U.S.C. § 841(a)(1), that being Possession with Intent to Distribute a Controlled Substance, involving Mario Guizar-ANCHONDO.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.